UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ICO SERVICES, LTD.,                                         :
                                         Plaintiff,         :
                                                            :          18 Civ. 4276 (LGS)
                  -against-                                 :
                                                            :          **OPINION AND ORDER**
COINME, INC.,                                               :
                                         Defendant.         :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2018

LORNA G. SCHOFIELD, District Judge:

This is an action for breach of contract, unjust enrichment and breach of the implied covenant of good faith and fair dealing. Defendant Coinme, Inc., d/b/a Up Global SEZC, ("Coinme") moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). As explained below, Defendant's motion to dismiss for lack of personal jurisdiction is granted.

I.   BACKGROUND

The facts below are taken from the Complaint, as well as the parties' sworn statements, which were requested by the Court.[1] The allegations in the Complaint are assumed to be true to the extent they are uncontroverted by Defendant's declaration. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)*; accord Newmont Mining Corp. v. Anglogold Ashanti Ltd.*, No. 17 Civ. 8065, 2018 WL 4759771, at *5 n.3 (S.D.N.Y. Sept. 30, 2018).

---

[1] Pursuant to the Court's November 19, 2018, Order, each party filed an affidavit or declaration with facts related to whether the Court has personal jurisdiction over Defendant.

Plaintiff ICO Services, Ltd. ("ICO Services") is a Hong Kong corporation with its principal U.S. office in New York. Defendant Coinme is a Delaware corporation with its sole office in Seattle, Washington.[2] On October 16, 2017, Defendant launched an "initial coin offering" ("ICO") for its cryptocurrency tokens called "UpTokens." After raising $5 million, Defendant asked Plaintiff to act as a consultant for the ICO, and the parties entered into a consulting agreement. Defendant negotiated the agreement from Seattle. Defendant's representative executed the agreement in Hong Kong and had it transmitted to Plaintiff's office, which Defendant's representative understood to be in Singapore.

The Consulting Agreement (the "Agreement") is dated as of November 13, 2017, and is between ICO Services and "Up Global SEZC, a Cayman Islands Special Economic Zone Company" ("Up Global").[3] UpGlobal is a wholly owned subsidiary of Coinme, which operates in the United States through Coinme's office in Seattle. Neither Coinme nor Up Global has a New York office. The term of the Agreement runs until January 31, 2018, or final completion of services, whichever is earlier.

The Agreement provides that Plaintiff will render services to Defendant for the implementation of the ICO. In return, Defendant will pay Plaintiff a nonrefundable fee, half upon execution of the Agreement and the other half to be paid by December 11, 2017. The Agreement further provides that Defendant will pay Plaintiff 3% of the tokens raised in the ICO, exclusive of the $5 million that already had been raised. The Agreement contains a New York

---

[2] The Complaint alleges that Coinme was incorporated in Washington, while Coinme's representative states that it is a Delaware corporation. In either case, it is undisputed that Coinme is not a New York corporation.

[3] Coinme argues that it is not a proper party to this action because it was not a party to the Agreement. Whether Coinme can be sued for breach of the Agreement need not be resolved, as the Court lacks personal jurisdiction over Coinme d/b/a Up Global.

choice of law provision and provides for notice to Plaintiff's representative at a street address in New York, New York.

UpGlobal performed the Agreement from Seattle. Plaintiff performed the Agreement primarily from New York, between November 2017 and about February 2018. During this time, the parties exchanged emails and spoke on the telephone. Plaintiff introduced Defendant to a New York web design company to assist with the ICO. Defendant understood that services being provided under the Agreement would be provided in Singapore and Tokyo. Despite Plaintiff performing all of its obligations under the agreement, Defendant failed to pay Plaintiff the remaining half of the nonrefundable fee and the 3% of tokens raised in the ICO.

The Complaint alleges on information and belief that "New York residents are Coinme customers and/or investors and Coinme makes frequent use of interstate communications to conduct negotiations, make representations and engage in ongoing business within this District."

## II. STANDARD

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013); *accord Newmont Mining Corp.*, 2018 WL 4759771, at *5. When a motion to dismiss is decided on the basis of the complaint and affidavits rather than a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *MacDermid*, 702 F.3d at 727; *accord Newmont Mining Corp.*, 2018 WL 4759771, at *5 n.3. "[T]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid*, 702 F.3d at 727; *accord Newmont Mining Corp.*, 2018 WL 4759771, at *5 n.3. A prima facie showing "must include an averment of facts that, if

credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018) (internal quotation marks omitted).

As in the Rule 12(b)(6) context, a court is not bound to "accept as true a legal conclusion couched as a factual allegation" in determining whether jurisdiction exists. *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013); *accord Amtrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 327 (S.D.N.Y. 2017). Rather, the allegations or evidence of activity constituting the basis of jurisdiction must be non-conclusory and fact-specific. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998); *accord Madison Capital Mkts., LLC v. Starneth Europe B.V.*, No. 15 Civ. 7213, 2016 WL 4484251, at *3 (S.D.N.Y. Aug. 23, 2016).

## III. ANALYSIS

### A. "Transacting Business" under the New York Long-Arm Statute

"A plaintiff must have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018). Subject to limitations imposed by the United States Constitution and federal statutes, a federal district court looks to the law of the forum state to determine whether it has personal jurisdiction over a non-domiciliary. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Plaintiff concedes that Defendant is not a New York domiciliary and asserts that Defendant's activities in New York give rise to personal jurisdiction under New York's long-arm statute.

As relevant here, New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the

state . . . ." CPLR § 302(a)(1). "A non-domiciliary defendant transacts business in New York when on his or her own initiative, the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business." *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1175 (N.Y. 2017) (brackets and internal quotation marks omitted); *accord Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (stating that "the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of its laws" (internal quotation marks and citations omitted)).

To satisfy the long-arm statute, "[i]t is not enough that a non-domiciliary defendant transact business in New York . . . . In addition, the plaintiff's cause of action must have an 'articulable nexus' or 'substantial relationship' with the defendant's transaction of business here." *D&R Global*, 78 N.E.3d at 1176 (quoting *Licci v. Lebanese Canadian Bank, SAL*, 984 N.E.2d 893, 900 (N.Y. 2012)). This nexus requirement is satisfied "where at least one element [of the cause of action] arises from New York contacts." *D&R Global*, 78 N.E.3d at 1176. "There is no bright-line test for determining whether the 'nexus' is present in a particular case. This inquiry is a fact specific one . . . ." *Licci ex rel. Licci*, 673 F.3d at 67 (internal quotation marks omitted).

In determining whether there is personal jurisdiction under § 302(a)(1), four factors may be considered:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [parties to the contract] to

5

> send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald,* 362 F.3d 17, 22 (2d Cir. 2004) (considering factors in context of a franchisee relationship); *accord Rosenblatt v. Coutts & Co. AG*, No. 17-2846, 2018 WL 4232055, at *2 (2d Cir. Sept. 6, 2018). "Although all factors are relevant, no one factor is dispositive and other factors may be considered." *Sunward Elecs.*, 362 F.3d at 22. "[T]he ultimate determination is based on the totality of the circumstances." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir. 1996); *accord Diamond v. Calaway*, No. 18 Civ. 3238, 2018 WL 4906256, at *4 (S.D.N.Y. Oct. 9, 2018).

Considering these factors and the totality of the circumstances, CPLR § 302(a)(1) does not provide a statutory basis for the exercise of personal jurisdiction over Defendant. Defendant's motion to dismiss is granted.

### B. Application of *Sunward* Factors

The first *Sunward Electronics* factor strongly weighs against personal jurisdiction, because the Complaint does not allege an "on-going contractual relationship with a New York corporation." *Sunward Elecs.*, 362 F.3d at 22. Setting aside the issue of whether Plaintiff is a "New York corporation," the Complaint fails to allege that Defendant established an ongoing contractual relationship with Plaintiff. "'[A] single short-term contract' is insufficient to constitute an 'ongoing contractual relationship.'" *Schentag v. Nebgen*, No. 17 Civ. 8734, 2018 WL 3104092, at *19 (S.D.N.Y. June 21, 2018) (quoting *Sandoval v. Abaco Club on Winding Bay*, 507 F. Supp. 2d 312, 317 (S.D.N.Y. 2007)). The Agreement was a single short-term contract with a term of less than three months, which is too short to be an "on-going contractual relationship." *See, e.g.*, *Letom Mgmt. Inc. v. Centaur Gaming, LLC*, No. 17 Civ. 3793, 2017 WL 4877426, at *6 (S.D.N.Y. Oct. 27, 2017) (finding no ongoing contractual relationship where

6

performance period was less than three months); *Gordian Grp., LLC v. Syringa Expl., Inc.,* 168 F. Supp. 3d 575, 584–85 (S.D.N.Y. 2016) (holding that single contract with a six-month term did not create an ongoing contractual relationship); *Sandoval*, 507 F. Supp. 2d at 314, 317 (holding that "the short-term contract," formed in 2003 for which work was completed in October 2004 did not constitute an ongoing contractual relationship).

The second *Sunward Electronics* factor also weighs against personal jurisdiction. Defendant negotiated and executed the contract outside New York, and Plaintiff does not say where it negotiated and executed the contract. Defendant's representative states that neither he nor any other representative of Coinme or UpGlobal engaged in any conduct in New York in connection with the negotiation, execution or performance of the agreement, an assertion not contradicted by the Complaint or any of the evidence submitted by Plaintiff.

The third *Sunward Electronics* factor weighs in favor of this Court having personal jurisdiction. The Agreement contains a New York choice-of-law clause, which "is a significant factor in a personal jurisdiction analysis." *Sunward Elecs.*, 362 F.3d at 23. But contrary to Plaintiff's arguments, this factor is not dispositive and is insufficient, standing alone, to confer jurisdiction. *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 367 (2d Cir. 1986); *Gordian Group*, 168 F. Supp. 3d at 588.

The fourth *Sunward Electronics* factor -- whether the contract requires the parties to send notices or payments into New York or subjects them to supervision in New York -- does not clearly weigh for or against jurisdiction. On the one hand, the Agreement does require any notice to be sent to Plaintiff in New York. *See Sunward Elecs.*, 362 F.3d at 22–23. But the Agreement does not require payments to be sent into New York, nor does it subject either party to supervision here. *See id.*

7

Beyond the *Sunward* factors, Plaintiff asserts that jurisdiction over Defendant is proper because Plaintiff performed some of the work under the Agreement in New York, and Defendant communicated by email and telephone with Plaintiff, who was in New York. But "[t]he appropriate focus of an inquiry under CPLR § 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did." *Biz2Credit, Inc. v. Kular*, No. 14 Civ. 8223, 2015 WL 2445076, at *5 (S.D.N.Y. May 21, 2015). In *Royalty Network, Inc. v. Harris*, 947 N.Y.S.2d 53 (1st Dep't 2012), the First Department held that a consulting agreement between the New York plaintiff and non-resident defendant did not give rise to jurisdiction under CPLR § 302(a)(1), given that "all of the New York activities relating to the consulting agreement . . . were performed by plaintiff and cannot be attributed to defendant." *Id.* at 53. Likewise, in *Kennedy v. Yousaf*, 5 N.Y.S.3d 725 (1st Dep't 2015) (mem.), the First Department held that the plaintiff's New York activities related to a management agreement could not be attributed to the defendants: "The fact that defendants negotiated the agreement and communicated with plaintiffs via email and telephone is insufficient to constitute the transaction of business in New York." *Id.* at 520; *accord SunLight Gen. Capital LLC v. CJS Invs. Inc.*, 981 N.Y.S.2d 390, 390 (1st Dep't 2014); *see also Biz2Credit*, 2015 WL 2445076, at *6 ("Kular is not subject to personal jurisdiction in New York because his performance under the referral agreement was to occur outside of New York. Any New York based activities resulting from the referral agreement were performed by Plaintiff, not Defendant.").

The New York Court of Appeals' decision in *Fischbarg v. Doucet*, 880 N.E.2d 22 (N.Y. 2007), is not to the contrary. Although not cited by Plaintiff, *Fischbarg* involves facts somewhat similar to this case. There, the out-of-state defendants retained a New York lawyer to represent them in an action brought outside New York, and "communicated regularly with him in this

8

[New York]." *Id.* at 27. The court held that these facts were sufficient to establish the transaction of business in New York. *Id.* Key to the court's holding were the "nature and quality" of the contacts between the defendant and New York; the court noted that the defendants, in retaining a New York lawyer and a member of the New York bar, had availed themselves of "the benefits and protection of our laws relating to the attorney-client relationship." *Id.* at 24–25, 28 (brackets and internal quotation marks removed). Plaintiff has not alleged similar contacts here, qualitatively or quantitatively.

In view of the *Sunward* factors, and considering the Complaint and affidavits as a whole, Plaintiff's allegations regarding the Agreement do not suffice to make a prima facie showing of personal jurisdiction.

## C. Defendant's New York Business Dealings

The Complaint alleges that, "upon information and belief, New York residents are Coinme customers and/or investors and Coinme makes frequent use of interstate communications to conduct negotiations, make representations and engage in ongoing business within this District." But the Complaint is wholly lacking in any facts relating these New York activities to Plaintiff's legal claims. *See Licci*, 984 N.E.2d at 900 (stating that the "articulable nexus" and "substantial relationship" standards require, "at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former"). Moreover, the indeterminate and unspecified acts alleged fall far short of the non-conclusory fact-specific allegations or evidence required for Plaintiff to make a prima facie showing of jurisdiction. *See Jazini*, 148 F.3d at 185.

### D. Defendant's Website

Plaintiff argues that jurisdiction is proper because Defendant maintains an interactive website which allows Defendant to exchange information with users in other states. Plaintiff has failed to assert any facts relating Defendant's website to Plaintiff's legal claims, despite the Court ordering that the parties file affidavits stating, among other things, "[w]hat relevance, if any, Defendant's website has with respect to the negotiation or performance of the contract." As nothing in the Complaint or parties' affidavits suggests that Defendant's website is relevant to Plaintiff's claims, assertions about Defendant's website are irrelevant to any finding of personal jurisdiction. *See Licci*, 984 N.E.2d at 900.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction is GRANTED. Defendant's motion to dismiss for failure to state a claim is moot. The Clerk of Court is respectfully directed to close the motion at Docket No. 22 and close the case.

Dated: December 17, 2018
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE